McKiNNEY, J.,
delivered the opinion of the Court.
This suit was commenced before a justice of the peace of Polk county. It was brought to recover from Sloan the sum prescribed by the statute, for his failure to work on a public road in said county, of which Hannah was the overseer. It is admitted, that Sloan was duly notified to work on the road; and the question for our determination is, whether or not Hannah had any lawful authority to require him to work on said road.
It appears, that, at a session of the County Court of said county, in the year 1856, the County Judge being-alone on the bench, 'holding said Court, — it was ordered by the Court: “That A. V. Hannah be appointed overseer of a road, from Wm. Eagg’s shop to the widow White’s ford, on the Ocoee river; and that he have all the hands in the third district; so as to make said road as required by law, a road of the first class.”
On appeal to the Circuit Court, the plaintiff recovered for the failure of Sloan to work three days.
The error in the judgment relied upon is, the instruction of the Circuit Judge to -the jury, that the County Judge had authority to make the foregoing order.
This instruction assumes, that the power of the Quorum Court to “appoint overseers of roads,” under the *45 act of 1835, ch. 6, sec. 2, carried with it, by implication, the power to assign hands to the overseers, thus appointed; and also to classify the public roads of the county; and that like power must, of course, be held to belong to the County Judge.
This is a mistaken assumption. The allotment of hands to each overseer, as well as the classification of the roads, is a power which, for obvious reasons, has never been entrusted to a less number than twelve, or one-third of the justices of the County Court. The simple appointment of an overseer, is a duty of a .very different nature; and it carries with it no such power as was supposed by the Circuit Judge.
It follows, that the present suit cannot be maintained.
Judgment reversed.